IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                          **CRIMINAL NO.: 2:06-00134**

**LOUIS DANTE DITRAPANO**

<u>MEMORANDUM OPINION AND ORDER</u>

In a hearing held in Charleston, West Virginia, on Tuesday, June 27, 2006, the defendant appeared in person and by counsel, Timothy Lafon, and the United States appeared by Assistant United States Attorney Monica Dillon for the purpose of a hearing on defendant's Second Motion for Bond (Doc. No. 19). Following argument from counsel and a review of the record, the court **DENIED** defendant's motion for the reasons given below.

## I. Standard of Review

The court construes defendant's motion as a motion for review, pursuant to 18 U.S.C. § 3145(b), of Magistrate Judge Mary E. Stanley's detention order (Doc. No. 15). A district court reviewing a magistrate judge's detention order is to conduct a *de novo* review. <u>United States v. Clark</u>, 865 F.2d 1433, 1436 (4th Cir. 1989); <u>United States v. Williams</u>, 753 F.2d 329, 333 (4th Cir. 1985). In conducting its *de novo* review, however, the district court may rely on the record below, and is not required to conduct an additional evidentiary hearing. <u>See, e.g.</u>, <u>United States v. King</u>, 849 F.2d 485, 489-90 (11th Cir. 1988); <u>United</u>

States v. Kyle, 49 F.Supp.2d 526, 527 (W.D. Tex. 1999); United States v. Bergner, 800 F.Supp. 659, 661 (N.D. Ind. 1992); United States v. Phillips, 732 F.Supp. 255, 258-59 (D. Mass. 1990).

## II.  Analysis

The chief issue before the district court, and previously before the magistrate judge, is whether defendant has been charged with a "crime of violence" for purposes of the Bail Reform Act such that a detention hearing is warranted under 18 U.S.C. § 3142(f).  That section provides that the judicial officer shall hold a detention hearing upon motion of the Government in only certain types of cases, one such type being cases involving crimes of violence.  18 U.S.C. § 3142(f)(1)(A). The term "crime of violence" is defined, in pertinent part, in 18 U.S.C. § 3156(a)(4) as "[an] offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . . ."  18 U.S.C. § 3156(a)(4)(B).

Defendant is charged in a two-count indictment with violations of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), as well as 18 U.S.C. § 924(a)(1)(A).  (Doc. No. 1.)  He contends that Magistrate Judge Stanley erred in concluding that Count One of the indictment, the count charging him with being a person unlawfully using or addicted to a controlled substance and in

-2-

possession of a firearm or ammunition, constitutes a crime of violence.  As the magistrate judge observed, there does not appear to be case law directly on point with regard to whether § 922(g)(3) constitutes a crime of violence.  (Doc. No. 18 at 2.) Furthermore, the Fourth Circuit Court of Appeals has not addressed an analogous issue, such as whether the offense of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) qualifies as a crime of violence under the Bail Reform Act.[*]  In the absence of such guidance, the court has looked to a particularly well-reasoned opinion of the Second Circuit Court of Appeals and to other district courts within the Fourth Circuit that have concluded that offenses under § 922(g) do, indeed, constitute crimes of violence in the context of pre-trial detention hearings.

One leading case on the subject is United States v. Dillard, 214 F.3d 88 (2nd Cir. 2000).  In Dillard, the Second Circuit conducted a thorough examination of the Bail Reform Act, including a detailed review of the Act's legislative history, and concluded that "the crime of felon-in-possession under section

---

[*] In support of his motion, defendant cites two Fourth Circuit cases finding the offense of felon-in-possession under 18 U.S.C. § 922(g)(1) is not a crime of violence.  As counsel for the United States notes, however, those cases dealt with the classification of offenses for purposes of the United States Sentencing Guidelines, not the Bail Reform Act.  (Doc. No. 22 at 5 n.1.)  See United States v. Spry, 76 F.Supp.2d 719, 721-22 (S.D. W.Va. 1999)(Haden, C.J.).

922(g)(1) falls within section 3156(a)(4)(B): 'by its nature, [it] involves a substantial risk that physical force . . . may be used in the course of committing the offense.'"  Id. at 97 (quoting 18 U.S.C. § 3156(a)(4)(B)).

Numerous district courts in this circuit have agreed with this line of reasoning.  See United States v. Redmon, 2006 U.S. Dist. LEXIS 34704 (W.D.N.C. May 30, 2006); United States v. Allen, 409 F.Supp.2d 622 (D. Md. 2006); United States v. Powers, 318 F.Supp.2d 339 (W.D. Va. 2004); United States v. Chappelle, 51 F.Supp.2d 703 (E.D. Va. 1999); United States v. Spry, 76 F.Supp.2d 719 (S.D. W.Va. 1999)(Haden, C.J.); United States v. Aiken, 775 F.Supp. 855 (D. Md. 1991).  The court is persuaded by the reasoning of these courts, and concludes by analogy, as did the magistrate judge, that § 922(g)(3) also constitutes a crime of violence under the Bail Reform Act.

Having concluded that the United States was entitled to the requested detention hearing, the court must apply the remainder of the analysis required under 18 U.S.C. § 3142, including consideration of the following factors under subsection (g): (1) the nature and circumstances of the offenses charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial

resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

As the court indicated on the record at the hearing on defendant's second motion for bond, the court is concerned with the defendant's three prior documented incidents of failing to appear in court.  (Doc. No. 15 at 2.)  Defendant has violated bonds in the states of Florida and Georgia (id.), indicating that he is unwilling or unable to comply with bond conditions imposed upon him.  Further, defendant has a serious substance abuse problem made even more troubling by his disregard for the suspension of his driver's license.  (Id.)

In light of all these factors, and with due consideration for the nature of the offenses with which defendant is charged and the maximum penalties he faces, the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Accordingly, defendant's Second Motion for Bond (Doc. No. 19) is **DENIED**, and the detention order of the magistrate judge (Doc. No. 15) is **AFFIRMED**.

The Clerk is directed to send and FAX copies of this

Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District, and the Probation Office of this court.

    IT IS SO ORDERED this 28th day of June, 2006.

                                ENTER:

                                David A. Faber
                                Chief Judge